[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this foreclosure action by plaintiff bank against Brian R. Glynn and Brian R. Glynn, Trustee, Kelly Glynn, daughter of Brian and a beneficiary of the trust of which Brian is trustee, moves to be made a party.
The pleadings, exhibits attached to the complaint and to the motion papers reveal the following. On November 14, 1989 Brian P. Glynn executed a promissory note in favor of the plaintiff bank in the amount of $200,000. A little over a year later, on November 30, 1990, Brian R. Glynn, trustee, under a trust agreement dated December 30, 1985, executed a mortgage on Suffield property in favor of the plaintiff bank to secure the 1989 note. That mortgage is the subject of this foreclosure action.
The 1985 trust agreement is between Brian R. Glynn as grantor and Brian R. Glynn and Judith R. Glynn as trustees. The property here being foreclosed is an asset of the trust. The trust agreement provides: trustees shall manage the trust estate, collect the income and pay it over to the grantor; when the income is insufficient, trustees may invade the principal for benefit of the grantor and his family; on death of grantor, the trust shall continue for the benefit of grantor's wife and on her death for the benefit of grantor's children, including Kelly Glynn; the trustees have extensive powers to deal with trust assets, including the power to mortgage them; the grantor reserves the power to revoke the trust.
The plaintiff bank opposes Kelly Glynn's application to be made a party defendant on the ground that as beneficiary of the trust, she has no legal title to or vested interest in the property being foreclosed upon. Thus she has no right to redeem the property nor any right to the proceeds of a foreclosure sale.
Kelly Glynn claims she has a contingent interest in the trust which entitles her to challenge the legality of the mortgage given by Brian R. Glynn as trustee to the bank. This court agrees with her.
While Kelly's interest is susceptible of being terminated by Brian revoking the trust or of being divested by her dying before Brian or his wife, nevertheless, until those events occur, she has an equitable interest which today is real. CT Page 90
On its face, the challenge she asserts to Brian having the authority to mortgage trust assets has merit. The power to mortgage is given by the trust agreement to both trustees collectively. Brian acting alone to execute the mortgage as trustee is suspect.
If Kelly is not made a party, she would not be bound by the foreclosure judgment and thus could attack it at any time, casting a considerable cloud on the title acquired by way of this foreclosure.
Kelly's contingent interest in the trust which gave the mortgage is affected by this action. She may well be an indispensable party in that she has an interest of "`such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.'" Sturman v. Socha, 191 Conn. 1,6 (1983); Gaudio v. Gaudio, 23 Conn. App. 287, 305-6 (1990). Or she is a necessary party in order that the court can determine the entire controversy and do justice by adjusting all the rights involved. Sturman v. Socha, supra, p. 6. Either way Kelly should be allowed to be made a party defendant and her motion is granted.
As to whether a conflict of the interest arises from the same attorney representing both Kelly and Brian, the court suggests the attorney examine that question carefully.
ROBERT SATTER STATE TRIAL REFEREE